IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCIA JOANNE MCNEIL,

               Plaintiff,

v.                                                                OPINION & ORDER

THE SALVATION ARMY, KARLENE LENZ, and            18-cv-129-jdp
ROBERT BONIFIELD,

               Defendants.

---

Pro se plaintiff Marcia Joanne McNeil has filed a complaint alleging that she was retaliated against after she filed a discrimination complaint. Dkt. 1. The court has granted her leave to proceed *in forma pauperis*. Dkt. 3. The next step is to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. When screening a pro se litigant's complaint, I construe the allegations liberally and in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Having considered McNeil's allegations, I will give her a chance to file an amended complaint explaining how she has suffered retaliation.

ALLEGATIONS OF FACT

I draw the following facts from McNeil's complaint, Dkt. 1.

The Salvation Army runs an "Army Lake Camp" in East Troy, Wisconsin. In 1996, McNeil applied for a summer job at the camp—specifically, she expressed interest in working as a "boat girl, arts and crafts leader/instructor, [or] recreation leader." *Id.* at 3. She was

qualified for these positions because she has degrees in education. Defendant Karlene Lenz, the camp director at that time, sent McNeil a letter offering her a position in the kitchen to wash dishes. McNeil was not interested in that position and turned down the offer.

McNeil believed that Lenz discriminated against her because she was deaf and had "some other disabilities." *Id.* at 4. Specifically, McNeil believed Lenz discriminated against her by never sending "the list of the positions that were available at this camp for that summer." *Id.* at 3. So McNeil filed a claim with the Equal Employment Opportunity Commission on April 22, 1996. Since then, McNeil has "experienced and endured over twenty-two years of retaliation from many individuals affiliated with Mrs. Karlene Lenz and the Salvation Army." *Id.* at 4.

ANALYSIS

Although McNeil's story begins with an allegedly discriminatory hiring decision in 1996, her complaint makes clear that she intends to bring claims concerning the more recent retaliation that she has suffered. To state a claim for retaliation under the Americans with Disabilities Act (ADA), a plaintiff must show that she was engaging in activity protected by the ADA and that she suffered adverse action because of it. *Silk v. Bd. of Trs., Moraine Valley Cmty. Coll., Dist. No. 524*, 795 F.3d 698, 710 (7th Cir. 2015). Filing an EEOC complaint is a protected activity. *Id.* But McNeil's allegations of "retaliation" and "years of harassment, stalking, [and] intimidation," Dkt. 1, at 5, are too vague and conclusory to provide fair notice of her claim, as required by Federal Rule of Civil Procedure 8. Defendants would not be able to tell from these allegations what McNeil is saying they did to harm her. But I will give her a

change to amend her complaint to explain specifically what adverse acts she has suffered, who took those acts, and when they were taken.

McNeil should draft her amended complaint as if she were telling a story to people who know nothing about her situation. In particular, she should explain who she thinks is responsible for each adverse act. She should name those people as defendants in the complaint. If she does not know the actual identities of those individuals, she should refer to them as "John Doe No. 1," "John Doe No. 2," and so on. I will give McNeil a short deadline to submit her amended complaint. If she does not do so, I will dismiss her case for failure to prosecute.

ORDER

IT IS ORDERED that:

1. Plaintiff Marcia Joanne McNeil's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until March 27, 2018, to file an amended complaint explaining her retaliation claims. If plaintiff fails to timely amend her complaint, I will dismiss this case.

Entered March 6, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge