IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCIA JOANNE MCNEIL,

      Plaintiff,

v.                  OPINION & ORDER

THE SALVATION ARMY, KARLENE LENZ, and   18-cv-129-jdp
ROBERT BONIFIELD,

      Defendants.

---

  Pro se plaintiff Marcia Joanne McNeil has filed a complaint alleging that she was retaliated against after she filed a discrimination complaint. Dkt. 1. In a March 6, 2018 order, I reviewed her complaint and concluded that it did not meet the pleading requirements of Federal Rule of Civil Procedure 8. Dkt. 4. I offered McNeil an opportunity to file an amended complaint explaining specifically what retaliatory acts she has suffered, who took those acts, and when they were taken. Now McNeil has filed an amended complaint. Dkt. 5. I must screen it and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages, just as I did with McNeil's original complaint.

  In her initial complaint, McNeil alleged that she filed an employment discrimination claim with the Equal Employment Opportunity Commission on April 22, 1996, accusing the Salvation Army Lake Camp of discriminating against her because she is deaf, and that several Salvation Army employees have retaliated against her since then.

  The general gist of McNeil's amended complaint is that since filing a claim with the EEOC in 1996, she has worked and lived in several different locations and, in each location,

she has seen suspicious people (whom she refers to as "sick individuals," *see, e.g.*, *id.* at 4) watching her and following her. She alleges that these people are "affiliated" with the Salvation Army. *Id.* at 6. She does not know who these suspicious people are, with two exceptions: she alleges that June Stowell, an employee of the Lake Camp, stalked McNeil by "driving near" McNeil's homes sometime in the late 1990s, *id.* at 1; and she alleges that Robert Bonifield, the former Lieutenant Colonel of the Salvation Army in Wisconsin and Upper Michigan, and his wife, Ruth Bonifield, "did not assist" McNeil and "kick[ed her] out of the Waukesha Salvation Army Church" and Army Lake Camp. *Id.* at 3.

As I explained in my March 6 order, to state a claim for retaliation under the ADA, McNeil must allege that she suffered adverse action *because* of filing an EEOC complaint. McNeil has now explained what adverse actions she believes she has suffered, but she does not explain whether any of the people she lists in her amended complaint knew of her EEOC complaint, or why she believes that they acted because of her EEOC complaint. Her allegations concerning the unnamed suspicious people border on the fantastical; her allegations concerning Stowell and the Bonifields are somewhat more plausible but still too vague to state a claim. Without a connection between the adverse actions—the stalking, following, watching, and failing to assist—and McNeil's EEOC complaint, McNeil has not shown that she is entitled to relief.

I will offer McNeil one final opportunity to amend her complaint to explain the connection between the retaliation she believes she has suffered and her EEOC complaint. She should explain why she believes each individual listed in her complaint knew of her EEOC complaint and acted because she filed an EEOC complaint. I will give McNeil a short deadline

to submit her amended complaint. If she does not do so, I will dismiss her case for failure to prosecute.

Finally, McNeil has also filed a "motion for an appointment for counsel." Dkt. 6. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). To prove that assistance in recruiting counsel is necessary, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who decline to represent her in this case; and (2) demonstrate that hers is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds her demonstrated ability to prosecute it. *Id.* at 655; *see also Young v. Cramer*, No. 13-cv-77, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

McNeil has provided no evidence that she has attempted to recruit legal representation on her own. This is reason enough to deny her motion. *See Jackson v. County of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992). Even if this requirement were met, the second requirement for assistance in recruiting counsel requires McNeil to demonstrate that the legal and factual difficulty of each case exceeds her ability to prosecute it. It is too early to tell whether McNeil's claims will outstrip her litigation abilities. Although her inability to hear poses problems for participating in a hearing, it does not interfere with her ability to write—and the vast majority of litigation is done on paper. And at this point, McNeil need only explain what happened to her, a task she does not need the assistance of counsel to complete. So I will not help McNeil find counsel at this point. Should I allow her to proceed on her claims, should

the case pass the early stage of litigation, and should McNeil continue to believe that she is unable to litigate the suit herself, then she may renew her motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Marcia Joanne McNeil's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until May 22, 2018, to file an amended complaint explaining her retaliation claims. If plaintiff fails to timely amend her complaint, I will dismiss this case.

3. Plaintiff's motion for assistance in recruiting counsel, Dkt. 6, is DENIED without prejudice.

Entered May 1, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge