IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCIA JOANNE MCNEIL,

                        Plaintiff,

   v.                                                         OPINION & ORDER

THE SALVATION ARMY, KARLENE LENZ, and            18-cv-129-jdp
ROBERT BONIFIELD,

                        Defendants.

---

Pro se plaintiff Marcia Joanne McNeil has filed a complaint alleging that she was retaliated against after she filed a discrimination complaint. Dkt. 1. I have reviewed her complaint and her amended complaint, and each time, I concluded that her allegations did not meet the pleading requirements of Federal Rule of Civil Procedure 8. Dkt. 4. In a May 1, 2018 order, I offered McNeil one final opportunity to file an amended complaint explaining the connection between the retaliation she believes she has suffered and her discrimination complaint. Dkt. 7. McNeil has filed three documents, Dkts. 8–10, which I will construe as her second amended complaint. I must screen it and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages, just as I did with McNeil's initial complaint. After reviewing McNeil's second amended complaint, I conclude that the case must be dismissed because McNeil fails to state a claim upon which relief may be granted.

## ALLEGATIONS OF FACT

I draw the following facts from McNeil's submissions, Dkt. 1, Dkt. 5, Dkt. 8, Dkt. 9, and Dkt. 10. McNeil filed an employment discrimination claim with the Equal Employment Opportunity Commission on April 22, 1996, accusing the Salvation Army Lake Camp of discriminating against her because she is deaf. Since then, she has experienced what she characterizes as "harassment" by several Salvation Army employees and other people who she believes are associated with the Salvation Army.

Specifically, in 1997, the year after she filed her EEOC complaint, she attended the Salvation Army Women Home League Camp for a weekend, and while standing in line for lunch, she saw some people "glaring" at her and talking about her EEOC complaint. Dkt. 8, at 2. She asked Robert Bonifield, the former lieutenant colonel of the Salvation Army in Wisconsin and Upper Michigan, and his wife, Ruth Bonifield, for help. But in response, they expelled her from the Salvation Army church and camp.

In 1999, McNeil attempted, and failed, to obtain a restraining order against June Stowell, an employee of the Lake Camp. Since then, McNeil has seen Stowell several times: while she was biking on a trail, while she was at home, and while she was leaving a store in West Allis. I infer that Stowell was not interacting with McNeil during these sightings. For example, when McNeil saw Stowell near the store in West Allis, Stowell was "getting out of a car" and "grabbed the door handle really hard." *Id.* at 1.

McNeil also documents many incidents of harassment, from 1996 to the present day, that she attributes to many anonymous "sick individuals" who she believes are associated with the Salvation Army. *See, e.g.*, Dkt. 9, at 1. The incidents of harassment include driving past her house late at night, staring at her, following her, and making prank calls to her phone.

ANALYSIS

As I explained in my March 6, 2018 order, to state a claim for retaliation under the Americans with Disabilities Act (ADA), McNeil must show that she was engaging in activity protected by the ADA and that she suffered adverse action because of it. *See* Dkt. 4, at 2. In general, "[a]n adverse employment action must 'materially alter the terms and conditions of employment.' A materially adverse employment action is more than a mere inconvenience . . . ." *Dass v. Chi. Bd. of Educ.*, 675 F.3d 1060, 1069 (7th Cir. 2012) (citation omitted) (quoting *Stutler v. Ill. Dep't of Corr.*, 263 F.3d 698, 703 (7th Cir. 2001)).

McNeil does not state a claim because she does not allege a materially adverse employment action. None of the alleged acts of harassment concern McNeil's *employment*, and most amount to an "inconvenience" at most. In addition, there's no connection between McNeil's EEOC complaint and the random bad acts of the "sick individuals," nor is there any reason to suspect that Stowell managed to run into McNeil several times *because* of McNeil's EEOC complaint.

McNeil's allegations against the Bonifields come closest to stating a claim, but it appears that McNeil wasn't working for the Salvation Army when the Bonifields expelled her, so their action didn't alter the terms and conditions of her employment. And even if McNeil stated a claim against the Bonifields, she would run into a problem with the statute of limitations, because the Bonifields expelled her in 1997. Under the ADA, McNeil would have had to have filed her retaliation claim with the EEOC within 300 days of the alleged retaliatory act. *See EEOC v. Orion Energy Sys., Inc.*, 145 F. Supp. 3d 841, 845 (E.D. Wis. 2015) ("[T]he applicable statute of limitations here required that Schobert file her EEOC charge within 300 days 'after the alleged unlawful employment practices occurred.'" (quoting 42 U.S.C. § 2000e-5(e)(1)).

There's no indication that she did so. And even if she did, she would have had to file her lawsuit within 90 days from the date the EEOC gave her notice of her right to sue. *See Houston v. Sidley & Austin*, No. 98-4064, 1999 WL 581043, at *2 (7th Cir. June 23, 1999). Presumably, she would have received the notice years ago.

One final note. McNeil briefly mentions a "sick man that abused [her] as a four-year-old child during the Blind Family Camp during the summer of 1968." Dkt. 8, at 1. I do not take McNeil to attempt to bring claims concerning this incident of abuse, nor can I think of any federal claims on which she could proceed.

In sum, I will dismiss this case for failure to state a claim. I will deny McNeil's request for assistance recruiting counsel, *see* Dkt. 8, at 3–4, as moot.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered June 18, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge